IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORP., *et al.*, | : |
| Plaintiffs | : |
| v. | : Civil Action No. H-06-3578 |
| ABNER ANDERSON, | : |
| Defendant | : |

**UNITED STATES OF AMERICA'S ACKNOWLEDGMENT OF
CHALLENGE TO THE CONSTITUTIONALITY OF
AN ACT OF CONGRESS
AND
MOTION FOR TIME TO DETERMINE IF
INTERVENTION IS APPROPRIATE**

The United States of America hereby submits this Acknowledgment of Challenge to the Constitutionality of an Act of Congress and Motion for Time to Determine if Intervention is Appropriate, and moves the Court to grant it time to determine if intervention is appropriate, and in support thereof, states as follows:

1. On or about January 30, 2008, defendant filed a response to plaintiffs' motion for summary judgment. In that response, defendant challenged the constitutionality of the statutory damages provision of the Copyright Act [docket no. 19].

2. At the conclusion of that response, defendant filed pursuant to Federal Rule of Civil Procedure 5.1 a notice of constitutional challenge to a federal statute [docket no. 19].

3. The requirement to notify the Court of a challenge to the constitutionality of a federal statute in Federal Rule of Civil Procedure 24(c) has now been replaced by Federal Rule

of Civil Procedure 5.1 ("A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statue must promptly (1) file a notice of constitutional question stating the question and identifying the paper that raises it . . . and (2) serve the notice and paper on the Attorney General of the United States if a federal statute is challenged").

4. Counsel for the United States respectfully advises the Court that the United States is in the process of deciding whether to intervene in this action to defend the constitutionality of the provision of the Copyright Act.  The United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question.  28 U.S.C. § 2403(a).  Under Department of Justice regulations, the approval of the Solicitor General is required for the United States to intervene to defend the constitutionality of a federal statute. See 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress.").

5. The process of obtaining approval to intervene from the Solicitor General generally takes several weeks.  Federal Rule of Civil Procedure 5.1(a) states that "the attorney general may intervene within 60 days after the notice of the constitutional question is filed or after the court certifies the challenge, whichever is earlier."  Because of the current schedule of this action, specifically the March 21, 2008, deadline for a Joint Pretrial Order, the United States respectfully requests to have until March 6, 2008, to decide whether to intervene.  Should this Court reach a final decision on the motion without reaching the constitutional question or should it uphold the statute's constitutionality before the United States has made a decision on whether

it will intervene, it will become unnecessary for the United States to intervene. See Fed. R. Civ. P. 5.1(c) ("[b]efore the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional").

6.  Accordingly, the United States respectfully moves that it be allowed until March 6, 2008, to notify the Court whether it intends to file a motion to intervene and to file a brief regarding defendant's response to plaintiffs' motion for summary judgment. If the United States decides not to intervene before that date, it will notify the Court promptly.

## CERTIFICATE OF CONSULTATION

Counsel for the United States spoke with counsel for plaintiffs and defendant regarding this motion. Neither oppose this motion. The United States would not oppose either party filing a response to the brief it would file in this case should the United States intervene.

/s/ *Adam D. Kirschner*
ADAM D. KIRSCHNER

Dated: February 12, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

DONALD J. DeGABRIELLE, JR.
United States Attorney

/s/ *Jill O. Venezia*
JILL O. VENEZIA
Assistant United States Attorney

THEODORE C. HIRT
Assistant Branch Director

/s/ *Adam D. Kirschner*
ADAM D. KIRSCHNER
IL Bar No. 6286601

Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
20 Massachusetts Ave., N.W., Room 7126
P.O. Box 883
Washington, D.C. 20044
Tel.: (202) 353-9265
Fax: (202) 616-8470
Email: adam.kirschner@usdoj.gov

<u>Attorneys for the United States of America</u>