IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORP., *et al.*, : | |
| Plaintiffs : | |
| v. : | Civil Action No. H-06-3578 |
| ABNER ANDERSON, : | |
| Defendant : | |

**UNITED STATES OF AMERICA'S MEMORANDUM IN DEFENSE
OF THE CONSTITUTIONALITY OF THE STATUTORY DAMAGES
PROVISION OF THE COPYRIGHT ACT, 17 U.S.C. § 504(c)**

## INTRODUCTION

In defendant's response to plaintiffs' motion for summary judgment, defendant challenges the constitutionality of the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c). The United States has now moved to intervene to defend the constitutionality of that provision. This memorandum deals solely with the issue of the constitutionality of 17 U.S.C. § 504(c). The United States does not address any of the non-constitutional questions presented by the parties. The United States respectfully submits, however, that this Court should first resolve any non-constitutional issue presented by the parties if that would enable the Court to avoid the constitutional question.

If it is necessary to reach the constitutional question to resolve plaintiffs' motion for summary judgment, then defendant's argument that the Copyright Act's statutory damages provision violates the Due Process Clause should be rejected. As an initial matter, this Court should apply the standard articulated by the Supreme Court for examining when an award of statutory damages satisfies due process rather than the standard courts use for examining punitive damages awards. In the context of statutory damages, the Supreme Court has held that the demands of the Due Process Clause are satisfied as long as the damages awarded are not "so severe and oppressive as to be wholly disproportioned to the offense or obviously unreasonable." *St. Louis*, *I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919) (hereafter "*Williams*"). Given the deference to the legislative branch in comprising a specific statutory scheme, this statutory damages standard is significantly less demanding than the punitive damages standard that defendant incorrectly applies in this case.

The Copyright Act's statutory damages provision satisfies the *Williams* standard.

Statutory damages for copyright infringements have existed in some form dating back to before the ratification of the Constitution. Congress acted reasonably in crafting the current incarnation by ensuring that it serves both a compensatory and deterrent purpose in a regime in which actual damages are hard to quantify. Furthermore, in establishing that range, Congress also took into account the need to deter the millions of users of new media from infringing copyrights in an environment where many violators believe that they will go unnoticed. Accordingly, the statutory range specified by Congress for a copyright infringement satisfies due process.

## BACKGROUND

**I      Procedural Background**

In this civil action, plaintiffs moved for summary judgment claiming that defendant infringed 31 of their copyrights. *See* Plaintiffs' Motion for Summary Judgment ("Pls' MSJ") (Docket #16). In defendant's opposition to plaintiffs' motion, defendant does not dispute liability. *See* Defendant Abner Anderson's Response to Plaintiffs' Motion for Summary Judgment and Brief in Support ("Def.'s Opp.") (Docket #19). Rather, defendant claims that he should not be subject to the minimum statutory damages amount of $750 per infringement that plaintiffs elected to receive. Defendant asserts that (1) he is an innocent infringer and accordingly should be liable for the reduced amount of $200 per infringement, and (2) the $750 amount per infringement is unconstitutional as applied to him. *See id.* In response, plaintiffs argue that defendant has waived raising both the innocent infringer and constitutional defenses by not previously asserting them as affirmative defenses. *See* Plaintiffs' Reply in Support of Motion for Summary Judgment ("Pls.' Reply") (Docket #26) and Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Docket #28). In the alternative, plaintiffs assert that both of

defendant's defenses fail as a matter of law.  *See* Pls.' Reply.  The United States has now moved to intervene in this action to address the constitutional issues raised by defendant's opposition to plaintiffs' motion for summary judgment.  This brief is filed in conjunction with the United States' Motion to Intervene to Defend the Constitutionality of a Federal Statute.

## II.     Statutory Background

As the Supreme Court has recognized, the remedy of statutory damages for copyright infringements dates back to the Statute of Anne in 1710.  *See Feltner v. Columbia Pictures Television*, 523 U.S. 340, 349 (1998).  And in 1783, the "Continental Congress passed a resolution recommending that the States secure copyright protections for authors." *Id*. at 350.  Three of the twelve States that responded to this resolution even "specifically authorized an award of damages from a statutory range, just as § 504(c) does today." *Id*. at 351.

The history of a federal statutory damages provision for copyright infringement dates back to the Copyright Act of 1790.  Under the 1790 law, each infringer of a copyright was liable "for the sum of fifty cents for every sheet which shall be found in his or their possession," with half the money going to the infringed party and the other half going to the United States.  *See* 1 Stat. 124 (1790).  Each modification of the Copyright Act has maintained a statutory damages provision.  For approximately a century, Congress has prescribed a statutory range for damages for copyright infringements.  *See*, *e.g.*, *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106-7 (1919) (holding that although a court has discretion in determining a just award within the range specified by Congress, it "has no discretion when proceeding under [the 1909 Copyright Statute] to go outside" of that range).

The statutory damages provision at issue in this case was amended as part of an 1999

amendment to the Copyright Act of 1976. *See* PL 106-160, § 2 (1999). Under the Copyright Act of 1976, and still current today, "an infringer of copyright is liable for either -- (1) the copyright owner's actual damages and additional profits of the infringer" or (2) "statutory damages." *See* 17 U.S.C. § 504(a). The copyright owner may elect, except in situations not relevant here, "at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages." *See* 17 U.S.C. § 504(c)(1).

Under the original version of the 1976 Act, the copyright owner was able to recover a minimum of $250 per infringed work and a maximum of $10,000 per work. *See* PL 94-553, § 22 (1976). If the violation was willful, the maximum statutory damages award went up to $50,000 per work. In the 1999 amendment, Congress altered the damages range to its current level of being between $750 and $30,000 per infringement, with a maximum of $150,000 for a willful violation. *See* PL 106-160, § 2 (1999).[1]

## ARGUMENT

**I.      This Court Should First Determine Whether The Constitutional Question Can Be Avoided**

This Court should only reach the merits of the constitutional question if it is necessary to decide that question to decide defendant's motion. *See Del A. v. Edwards*, 855 F.2d 1148, 1154 (5th Cir. 1988) ("[f]ederal courts are to avoid constitutional questions when possible"); *see also Feltner v. Columbia Pictures Television*, 523 U.S. at 345-47 (reaching the constitutional question after determining that the statute cannot be construed in a way that would avoid the necessity of reaching that constitutional question). This Court may be able to avoid the constitutional

---

[1] An intermediate amendment of the 1976 Act set the range at $500 to $20,000, with a willfulness enhancement up to $100,000. 102 Stat. 2853, 2860 (1988).

question by deciding plaintiffs' motion for summary judgment on grounds that do not implicate the constitutionality of the Copyright Act's statutory damages provision. For example, this Court may agree with plaintiffs that defendant's defenses are "untimely." *See* Pls.' Reply at 1.

Should this Court reach the constitutional question, defendant has only presented it as an-applied challenge rather than as a facial challenge to the statute. Defendant is alleging that the award for the copyright infringements of these 31 recordings does not comport with due process. *See* Def.'s Opp. at 4-5. Defendant is not alleging, nor could he, that an award under the statute would never comport with due process.

## II.  The Copyright Act's Statutory Damages Provision Satisfies Due Process

### A.  Courts Examine Statutory Damages Awards Under The Standard Articulated By The Supreme Court In *Williams*

Defendant incorrectly claims that this Court should rely on the Supreme Court's punitive damages jurisprudence, *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003),[2] in determining whether this statutory provision violates the due process clause. Statutory damages, specified by Congress, are distinct from the unregulated use of punitive damages by a jury. Rather than applying the punitive damages framework for determining the constitutionality of a statutory damages provision, courts consistently have applied the standard articulated in *Williams*. *See, e.g., Zomba Enterprises, Inc., et al. v. Panorama Records, Inc.*, 491 F.3d 574,

---

[2] Defendant incorrect states that *Campbell* involved review of an award of statutory damages. *See* Def.'s Opp. at 4 ("In *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513, 1524 (2003), the Supreme Court held that due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages."). Rather than reviewing a statutory damages award, the Supreme Court in fact reviewed an award of punitive damages. *Campbell*, 538 U.S. at 412 ("[w]e address once again the measure of punishment, by means of *punitive* damages, a State may impose upon a defendant in a civil case") (emphasis added).

587-88 (6th Cir. 2007), petition for cert. filed, 76 USLW 3443 (Jan. 3, 2008) (No. 07-1028) (finding that the application of the Copyright Act's statutory damages provision did not violate the *Williams* standard); *Accounting Outsourcing, LLC. v. Verizon Wireless Personal Communications, L.P.*, 329 F.Supp.2d 789, 809-810 (M.D. La. 2004) (finding that the application of the Telephone Consumer Protection Act statutory damages provision did not violate the *Williams* standard); *Texas v. American Blastfax, Inc.*, 121 F.Supp.2d 1085, 1090-92 (W.D. Tex. 2000) (same).

Defendant does not cite any case that applied the *Campbell* framework in determining the constitutionality of a statutory damages award. In his opposition brief, defendant misapplies *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2nd Cir. 2001) for his proposition that the Second Circuit has "recognized that statutory damages awarded under the Copyright Act are analogous to punitive damages." *See* Def.'s Opp. at 4. Rather than finding that a court is to examine a statutory damages award under the punitive damages rubric, the *On Davis* Court compared the purpose in the Copyright Act's increase in the statutory maximum for willful infringement with the purpose of a punitive damages award. *Id*. In any event, the *On Davis* Court's discussion was dicta as there was no finding of willfulness in that case. And it is inapposite in this case as plaintiffs are not asking for anything above the statutory minimum.

The standard articulated by the Supreme Court in *Williams* for determining the constitutionality of a statutory damages award is quite distinct and much more deferential than the framework for determining the constitutionality of a punitive damages award. An award under a statutory damages provision is analyzed to see if it is "so severe and oppressive as to be wholly disproportioned to the offense or obviously unreasonable." *See St. Louis*, *I.M. & S. Ry.*

*Co. v. Williams*, 251 U.S. at 67 (holding that a statutory damages award of $75, for a violation that resulted in actual damages of only 66 cents, was within the authorized range of $50 to $300 and did not violate due process).  In contrast, the Supreme Court's punitive damages jurisprudence uses a much more examining standard for determining whether an award violates the Due Process Clause.  The Supreme Court has established three guideposts that include (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and civil penalties authorized or imposed in comparable cases.  *See Campbell*, 538 U.S. at 418 (citing *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996)).

In addition to the fact that the Supreme Court has already stated a standard that courts have applied for determining the constitutionality of a statutory damages provision, the standard articulated by the Supreme Court in *Gore* and *Campbell* is inapplicable outside of the punitive damages context.  *See Zomba Enterprises, Inc.*, *et al. v. Panorama Records, Inc.*, 491 F.3d at 587 (Sixth Circuit panel noting that it knows "of no case invalidating such an award of statutory damages under *Gore* or *Campbell*");[3] *see also Accounting Outsourcing, LLC. v. Verizon*

---

[3] The Sixth Circuit did mention that *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 22 (2nd Cir. 2003) and *Napster, Inc.*, 2005 WL 1286711 at *10-11 (N.D. Cal. June 1, 2005)*,* along with *DirecTV v. Gonzalez*, 2004 WL 1875046, at *4 (W.D. Tex. 2004), state in dicta that *Gore* and *Campbell* "may apply to statutory-damages awards."  *See Zomba Enterprises, Inc.*, *et al. v. Panorama Records, Inc.*, 491 F.3d at 587.  However, none of those three courts actually examined the constitutional issue because they found at the time that the issue was either "hypothetical" or "speculative."  The Court in *Parker* stated that in a "sufficiently serious case" the aggregation of statutory damage awards in a class context might invoke the Due Process Clause, but found "[a]t this point in this case, however, these concerns remain hypothetical."  *See Parker*, 331 F.3d at 22.  In coming to this conclusion, the Court relied principally on *Williams* rather than *Gore* or *Campbell*, for the proposition that a "statutory penalty may violate

*Wireless Personal Communications, L.P.*, 329 F.Supp.2d at 808-809 ("refus[ing] to extend the holdings of *Gore* and *Campbell* beyond their intended application" to punitive damages awards). As one court explained in the Copyright Act's statutory damages context, "the unregulated and arbitrary use of judicial power that the *Gore* guideposts remedy is not implicated in Congress' carefully crafted and reasonably constrained statute." *See Lowery's Reports, Inc., v. Legg Mason, Inc.*, *et al*., 302 F. Supp.2d 455, 460 (D. Md. 2004). Statutory damages are distinct because the notice concern presented in the punitive damages context is greatly diminished in the statutory damages context. The Supreme Court used the guideposts in *Gore* to find that BMW "did not receive adequate notice of the magnitude of the sanction," explaining that "[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty." *Gore*, 517 U.S. at 574. *Id*. Conversely, a statutory damages provision gives the public notice of a specific range of damages to which one may be subject. *See DirecTV v. Cantu*, 2004 WL 2623932 at *4-*5 (rejecting due process claim and distinguishing *Gore* from statutory damages context because "fair notice is not a concern here").

In trying to apply the *Gore* framework that examines the disparity between the actual or

---

due process where the penalty prescribed is 'so severe and oppressive as to be wholly disproportioned to the offense or obviously unreasonable.'" *Id*. In *Napster*, the Court said that an examination of whether a statutory damages award violates due process would be similar to the guideposts used in *Gore* and *Campbell*, but stated that such a determination at this point in the proceedings would be entirely "speculative." *See In re Napster, Inc.*, 2005 WL 12876411 at *11. And similar to *Parker*, *DirecTV* found any due process concerns "[a]t this point" in the case "hypothetical." *DirecTV v. Gonzalez*, 2004 WL 1875046, at *4 (referencing the *Williams* standard for whether statutory damages could violate due process "if the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense or obviously unreasonable").

potential damages suffered by the plaintiff and the punitive damages award, s*ee Campbell*, 538 U.S. at 418, defendant ignores the fact that statutory damages are in lieu of actual damages.[4] Statutory damages compensate those wronged in areas in which actual damages are hard to quantify in addition to providing deterrence to those inclined to commit a public wrong. *See, e.g., Texas v. American Blastfax, Inc.*, 121 F.Supp.2d at 1090 (the Telephone Consumer Protection Act "was meant to '*take into account the difficult to quantify business interruption costs* imposed upon recipients of unsolicited fax advertisements, effectively deter the unscrupulous practice of shifting these costs to unwitting recipients of junk faxes, and provide adequate incentive for an individual plaintiff to bring suit on his own behalf.'") (quoting *Kenro, Inc. v. Fax Daily, Inc.*, 1162, 1167 (S.D. Ind. 1997) (emphasis added) (internal quotation marks omitted). The compensatory element of a statutory damages award reveals why the *Gore* framework for examining a ratio between actual damages and punitive damages does not fit in a statutory damages context.

Another indication that the Supreme Court did not intend for the *Gore* guideposts to apply to the statutory damages context is that the *Gore* guideposts specifically compare a punitive damages award to civil penalties available for comparable conduct. *See Campbell*, 538 U.S. at 418. Applying this guidepost is a tautology; the award is by definition within the statutory range set by Congress. Hence, the damages range authorized in comparable cases will be the same for all actions that fall under a particular statutory damages provision.

---

[4] *PAR Microsystems Pinnacle Dev. Corp*, 995 F.Supp. 658 (N.D. Tex. 1998) is inapposite. Contrary to defendants' assertion, it did not examine the relationship between actual and statutory damages in the copyright context. *See id*. at 663 (finding statutory damages inapplicable because the registration of copyright occurred after the "registration and marketing of the infringing product" and that plaintiff did not even "appear to request statutory damages").

Given that the *Gore* guideposts do not pertain to statutory damages provisions and such provisions are distinct from punitive damages, this Court should not apply those guideposts in this case. Rather, the standard articulated by the Supreme Court in *Williams* is the appropriate standard for determining the constitutionality of a statutory damages provision.

      **B.**    **The Copyright Act's Statutory Damages Provision Satisfies The *Williams* Standard**

Applying the standard articulated by the Supreme Court in *Williams*, the Copyright Act's statutory damages provision is not "so severe and oppressive as to be wholly disproportioned to the offense or obviously unreasonable." *Williams*, 251 U.S. at 67. The standard in *Williams* is extremely deferential and need not be an objective ratio test. *See Zomba*, 491 F.3d at 587 (describing the *Williams* standard as being "extraordinarily deferential - even more so than in cases applying abuse-of-discretion review") (citing *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935) ("employment of the statutory yardstick, within set limits, is committed solely to the court which hears the case, and this fact takes the matter out of the ordinary rule with respect to abuse of discretion").[5]

Dating back to the middle of the 17th century, "the common law recognized an author's right to prevent the unauthorized publication of his manuscript" because of the "principle that the manuscript was the product of intellectual labor and was as much the author's property as the material on which it was written." *See Feltner*, 523 U.S. at 349. From the first Congress, federal

---

[5] The Sixth Circuit in *Zomba* did use an objective test and found that the ratio of 44-1 of statutory damages to actual damages present in that case did not violate due process given that the ratio in *Williams* was 113-1. *See Zomba*, 491 F.3d at 588. However, the Supreme Court in *Williams* never discussed the ratio between the statutory damages awarded and the actual damages suffered by plaintiffs. As explained above, statutory damages are in lieu of actual damages.

lawmakers recognized that the need to provide for these protections and enacted a federal statutory damages provision for copyright infringements in 1790.  *See* Copyright Act of 1790, 1 Stat. 124 (1790).  Statutory damages for copyright infringements have existed in the Federal Copyright Act in some form since 1790 and the Court should defer to Congress's historical application of these provisions.  *See* Staff of House Comm. On The Judiciary, 87th Cong., Report of the Register of Copyrights on The General Revision of The U.S. Copyright Law 103 (Comm. Print 1961), at ix (tracing a federal copyright statute from 1790 to its three general revisions in 1831, 1870, and 1909).[6]

As the Copyright Office stated in a report to Congress in 1961, a copyright is a form of property that is "intangible and incorporeal."  *See* Staff of House Comm. On The Judiciary, 87th Cong., Report of the Register of Copyrights on The General Revision of The U.S. Copyright Law 103 (Comm. Print 1961), at 3.  The Copyright Office explained that the need for a special remedy of statutory damages "arises from the acknowledged inadequacy of actual damages and profits in many cases:

- The value of a copyright is, by its nature, difficult to establish, and the loss caused by an infringement is equally hard to determine.  As a result, actual damages are often conjectural, and may be impossible or prohibitively expensive to prove.

- In many cases, especially those involving public performances, the only direct loss that could be proven is the amount of a licence fee.  An award of such an amount would be an invitation to infringe with no risk of loss to the infringer.

- The actual damages capable of proof are often less than the cost to the copyright owner of detecting and investigating infringements.

- An award of the infringer's profits would often be equally inadequate.  There may

---

[6] This report, written in 1961, was part of the extensive review and study process by the Copyright Office and Congress that culminated in the 1976 Copyright Act.

>have been little or no profit, or it may be impossible to compute the amount of profits attributable to the infringement.  Frequently the infringer's profits will not be an adequate measure of the injury caused to the copyright owner."

*Id*.

This case demonstrates the existence of all four points raised by the Copyright Office's 1961 Report to Congress.  First, the actual damages for subsequent acts of infringement - that occur after an initial infringement - are impossible to calculate.  *See* Pl.'s Reply at 20-21 (claiming that potentially "millions" committed subsequent acts of infringement with the illegal copies of works that the defendant infringed).  Second, defendant's preferred damages amount of 99 cents per infringement is the cost per song from a licensed provider, iTunes.  *See* Def.'s Opp., Exhibit 3 ("iTunes is licensed for reproduction of non-copyrighted materials or materials the user is legally permitted to reproduce").  In addition to the fact that such a small award would encourage others to willfully violate the law and steal "some of the United States' most valuable products," *see* H.R. Rep. 106-216 at *6, it is also an inadequate calculation of the damages suffered by the plaintiffs if defendant's act of infringement led to further acts of infringement by millions of others.  Third, as Congress maintained in its 1999 amendments to the Copyright Act, "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies."  *Id*.  Given the widespread piracy of copyrighted works in today's world, it is costly for copyright owners to detect and investigate infringements.  Fourth, the loss to the public and to the copyright owner will often be greater than any estimate of an infringer's profits.  With software piracy rates at 25% of all sales and $2.9 billion of losses, the 1999 House Report stated that the "effect of this high volume of theft is substantial: lost U.S. jobs, lost wages, lower tax revenue, and higher prices for honest purchasers of copyrighted software." *Id*.

at *3.

Given the historical need to protect intellectual property and deter a public wrong from being committed, Congress has created a detailed statute that takes into account the difficulty of calculating actual damages. In fact, that issue is not just confined to the United States but is evident in United States' international agreements that require countries to have in place statutory damages to protect copyrights. *See*, *.e.g.*, U.S.-Republic of Korea Free Trade Agreement, Art. 18.10.6 ("[i]n civil judicial proceedings, each Party shall, at least with respect to works, phonograms, and performances protected by copyright or related rights, and in cases of trademark counterfeiting, establish or maintain pre-established damages, which shall be available on the election of the right holder. Pre-established damages shall be in an amount sufficient to constitute a deterrent to future infringements and to compensate fully the right holder for the harm caused by the infringement"); *see also* Singapore-US Free Trade Agreement, Art. 16.9.9; Morocco-US Free Trade Agreement, Art. 15.11.7; Central America-US Free Trade Agreement, Art. 15.11.8.

Under the current statute, statutory damages serve both to compensate and deter. As explained above, actual damages are often hard to calculate for copyright infringements so "[s]tatutory damages exist in part because of the difficulties in proving and providing compensation for actual harm in copyright infringements." *See Legg Mason*, 302 F. Supp.2d at 460 (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952) ("statutory damages are intended to allow 'owner of a copyright some recompense for injury done to him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits'"). Given this difficulty in calculating the actual damages, Congress set up a

scheme to allow a copyright owner to elect to receive statutory damages instead of proving actual damages. *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 ("the Copyright Act allows plaintiffs to sue for 'statutory damages' in lieu of 'actual damages and profits'"). The compensatory component of the statutory damages is reflected in Congress's concern that the 1999 adjustments of the statutory range from the 1988 Amendments "*reflect inflation* over the past eleven years and to otherwise preserve the deterrent effect of the statutory damage penalties." *See* H.R. Rep. 106-216 (emphasis added).

The increases in the statutory range in the 1999 Amendments were also in part to serve a deterrent effect because Congress found that "[i]t is important that the cost of infringement substantially exceed the costs of compliance, so that persons who use or distribute intellectual property have a strong incentive to abide by the copyright laws." *See* H.R. Rep. 106-216 at *6. Congress determined that this deterrence is necessary because, as mentioned above, it found in 1999 that the rate of software piracy equaled 25% of all sales and resulted in a loss of $2.9 billion. *Id*. at *3. To protect "some of the United States' most valuable products," *id.* at * 6, Congress wanted to put infringers on notice of the fines that may incur. *See id*. at *3 ("[m]any computer users are either ignorant that copyright laws apply to Internet activity, or they simply believe that they will not be caught or prosecuted for their conduct"). Deference should be given to Congress for its expressed goal, with its accompanying findings, of protecting these valuable copyrighted works by increasing the deterrent effect of the Copyright Act's statutory damages provision.

Copyrights are of great value, not just to their owners, but to the American public as well. Congress has recognized this value from the first days of the Republic. The federal copyright

statute, enacted by the First Congress and the subject of numerous revisions since that time, has consistently included statutory damages to ensure significant monetary awards in copyright infringement lawsuits that will make copyright owners whole and deter further infringement. That historical approach is followed in the current statute that serves as a deterrent to those infringing parties who think they will go undetected in committing this serious public wrong, as well as providing compensation to copyright owners who have to invest resources into protecting property that is often unquantifiable in value. Accordingly, plaintiffs' election of the minimum statutory amount authorized by 17 U.S.C. § 504(c) is in accordance with the Due Process Clause and not disproportionate to the offense or obviously unreasonable

## CONCLUSION

The United States respectfully requests that, should this Court decide to address the constitutionality of 17 U.S.C. § 504(c), it should find that the statutory damages provision of the Copyright Act satisfies the Due Process Clause.

Dated March 6, 2008　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　JEFFREY S. BUCHOLTZ
　　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　DONALD J. DeGABRIELLE, JR.
　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　THEODORE C. HIRT
　　　　　　　　　　　　　　　　　　　　　Assistant Branch Director

　　　　　　　　　　　　　　　　　　　　　 /s/ *Adam D. Kirschner*
　　　　　　　　　　　　　　　　　　　　　ADAM D. KIRSCHNER
　　　　　　　　　　　　　　　　　　　　　IL Bar No. 6286601
　　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch

               United States Department of Justice
               20 Massachusetts Ave., N.W., Room 7126
               P.O. Box 883
               Washington, D.C. 20044
               Tel.: (202) 353-9265
               Fax: (202) 616-8470
               Email: adam.kirschner@usdoj.gov

               <u>Attorneys for the United States of America</u>